J-A17002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NIA BOOTH AND TONI BOOTH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| AIMCO D/B/A CUMBERLAND COURT APARTMENTS AND AIMCO AND CUMBERLAND COURT ASSOCIATES D/B/A CUMBERLAND COURT APARTMENTS AND ASIA WANNAMAKER AND LASHAE TOLBERT AND NHPMN MANAGEMENT, LLC | |
| Appellees | No. 211 EDA 2013 |

Appeal from the Order Entered December 6, 2012
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 02889 July Term, 2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 29, 2014**

Appellants, Nia Booth and Toni Booth, appeal from the order entered in the Philadelphia County Court of Common Pleas, granting Appellees' petition to transfer venue on the basis of *forum non conveniens* and transferring this tort action to Dauphin County.  We affirm.

The relevant facts and procedural history of this appeal are as follows. On October 6, 2010, the individual Appellees, Asia Wannamaker and Lashae Tolbert, allegedly threw a scalding hot liquid on Appellants while inside the Cumberland Court apartment complex ("Apartment Complex").  Ms. Wannamaker, Ms. Tolbert, and Appellants all reside in Dauphin County and

lived in, or next to, the Apartment Complex at the time of the incident. Appellees AIMCO, Cumberland Court Apartments, and Cumberland Court Associates, owned the Apartment Complex on the date of the incident. Appellee NHPMN Management, LLC was the management company for the Apartment Complex. Appellants sued Appellees in Philadelphia County, alleging negligence and assault and battery. Appellants currently live within two and one-half miles of the Dauphin County Courthouse. The Apartment Complex is less than one mile from the Dauphin County Courthouse. Tyra Fleurimond was the community manager at the Apartment Complex at the time of the incident. Elaine Babilonia and Iliana Cruz are subsequent community managers at the Apartment Complex. Ms. Fleurimond, Ms. Babilonia, and Ms. Cruz live approximately 17, 28, and 6 miles from the Dauphin County Courthouse, respectively; and approximately 117, 87, and 101 miles from the Philadelphia County Courthouse, respectively. All of these potential witnesses have young children who require transportation to and from school or daycare. The children also need adult supervision during the evening hours. Ms. Fleurimond's husband has his own employment obligations as a Baltimore City police officer. Appellants received medical treatment for their injuries in Dauphin County. Appellees own several apartment complexes in the Philadelphia area. These complexes and their employees had no connection with the incident.

On July 23, 2012, Appellants filed their complaint in Philadelphia County. On August 23, 2012, Appellees filed an answer with new matter and cross-claim to the complaint. On October 1, 2012, Appellees filed a petition to transfer venue from Philadelphia County to Dauphin County on the basis of *forum non conveniens*. Appellants responded on October 22, 2012, and Appellees filed a sur reply on October 26, 2012. The court entered an order granting Appellees' petition to transfer venue on December 6, 2012. Appellants timely filed a notice of appeal on Monday, January 7, 2013. The court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellants timely complied.

Appellants raise the following issue for our review:

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND IMPROPERLY GRANTED [APPELLEES' PETITION TO TRANSFER VENUE] FOR *FORUM NON CONVENIENS?*

(Appellants' Brief at 5).

Appellants argue Philadelphia County is the proper venue for the instant action. Appellants point out the corporate Appellees own or manage a number of apartment complexes in the Philadelphia area, and no longer own or manage any apartment complexes in Dauphin County. Appellants assert Appellees' petition to transfer venue rests solely on the alleged hardship that Ms. Fleurimond would face if she had to travel to Philadelphia to testify. Appellants argue Ms. Fleurimond is a professional employee who

should reasonably expect to appear in Philadelphia County, the site of a number of apartment complexes owned by her employer, to protect her employer's interests. Appellants further contend Ms. Fleurimond can easily alleviate her alleged hardships by having her husband swap shifts to care for the couple's young children; alternatively Ms. Fleurimond can have her teenage son care for the younger children. Appellants also assert a Philadelphia County venue would not burden Ms. Babilonia or Ms. Cruz, who should not expect to be called as witnesses because they started their employment at the Apartment Complex after the date of the incident and can offer no relevant testimony. Appellants conclude the court erred by granting Appellees' petition to transfer venue to Dauphin County. We disagree.

We review an order transferring an action on the basis of *forum non conveniens* for an abuse of discretion. ***Catagnus v. Allstate Ins. Co.***, 864 A.2d 1259, 1263 (Pa.Super. 2004). An abuse of discretion occurs when the court overrides or misapplies the law, exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias, or ill-will. ***Zappala v. Brandolini Property Management, Inc.***, 589 Pa. 516, 536, 909 A.2d 1272, 1284 (2006). If there is any basis for the trial court's decision, its ruling must stand. ***Id.*** A plaintiff's choice of forum is given great weight, but it is not absolute or unassailable. ***Id.***

Pennsylvania Rule of Civil Procedure 1006(d)(1) governs transfer on

the basis of *forum non conveniens* and provides: "For the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). "[A] petition to transfer venue should not be granted, unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." ***Cheeseman v. Lethal Exterminator, Inc.***, 549 Pa. 200, 213, 701 A.2d 156, 162 (1997). A defendant may meet this burden by showing either: (1) the plaintiff's choice of forum was designed to harass the defendant; or (2) "trial in another county would provide easier access to witnesses or other sources of proof…." ***Id.*** A mere showing that the plaintiff's forum is inconvenient to the defendant is insufficient. ***Id. Cheeseman*** and Rule 1006(d) "do not require any particular form of proof. All that is required is that the moving party presents a sufficient factual basis for the petition." ***Wood v. E.I. du Pont de Nemours and Co.***, 829 A.2d 707, 714 (Pa.Super. 2003) (*en banc*), *appeal denied*, 580 Pa. 699, 860 A.2d 124 (2004).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gary F. Divito, we conclude Appellants' issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (***See*** Trial Court Opinion, filed January 21, 2014, at 2-5) (finding: all

potential main witnesses reside in Dauphin County; all potential main witnesses would be forced to travel daily distances of approximately 200 miles round-trip; all potential main witnesses are responsible for care of minor children; distance and time required for potential witnesses to travel daily to Philadelphia County would impose serious hardships on them; no evidence suggests any of Appellees' potential witnesses ever had to travel to Philadelphia within scope of their employment; these witnesses could not reasonably expect to be regularly hauled into Philadelphia court because of nature of their jobs; hardships facing potential witnesses demonstrate Philadelphia County venue would be oppressive; Dauphin County would provide much greater access to all of Appellees' potential witnesses and evidence; location of incident and all other sources of proof are located in Dauphin County; transfer to Dauphin County was proper).  Accordingly, we affirm on the basis of the trial court opinion.

Order granting the petition affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2014

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| NIA BOOTH and TONI BOOTH<br>Appellants<br><br>v.<br><br>AIMCO d/b/a CUMBERLAND COURT<br>APARTMENTS., et al<br>Appellees | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

*12 Jul 2889*

~~AUGUST TERM, 2012~~
~~No. 0300~~

Booth Etal Vs Aimco Etal-OPFLD

12070288900044

PRESENTED 2014 JAN 21 AM 9: 49

**OPINION**

**HONORABLE GARY F. DIVITO**                    **JANUARY 21, 2014**

This is based upon an appeal by Nia Booth and Toni Booth ("Appellants") from the Court's order entered on December 6th, 2012 granting AIMCO d/b/a Cumberland Court Apartments, AIMCO, Cumberland Court Associates d/b/a Cumberland Court Apartments, ("Appellees") petition for *forum non conveniens* and transferring the matter to Dauphin County. For the reasons that follow, the order by the Court granting the December 6th, 2012 Motion should be affirmed.

The facts giving rise to this matter occurred at an apartment complex owned by the Appellees in Dauphin County were the Appellants were allegedly assaulted by Asia Wannamaker and Lashae Tolbert. After the incident Appellees filed suit in Philadelphia County against the two women as well as Appellees, alleging they had allowed the incident to occur. The Appellants and alleged attackers all reside in Dauphin County. On August 3, 2011 Judge William J. Manfredi granted defendants' motion to transfer venue to Dauphin County. Based upon *forum non conveniens*. Appellants then filed the instant suit in Philadelphia County, identical to the original action except adding NHPMN Management, LLC as a defendant.

Appellees in their petition provided extensive facts regarding the potential witnesses in this



action. Tyra Fleurimond, community manager for the Appellees, resides in Dauphin County with her four _ _ior children whom she is responsible for transporting to and from school for daycare a_ _ler husband, who works in Baltimore as a police officer, would be unable to watch the children. Elaine Babilonia, the Appellees' community manager after Ms. Fleurimond, resides in Dauphin County and is the mother of three chilren for whom she is responsible for transporting to/from school. Illiana Cruz, the current community manager, resides in Dauphin County and is responsible for transporting her minor chil to and from school. The medical treatment for the Appellants' alleged injuries took place in Dauphin County. Police, emergency personnel, and medicals providers are supposed to live in and around Dauphin County, with no facts to the contrary being asserted. Appellees own several apartment complexes in Philadelphia whose locations and employees were not alleged to have been involved with the alleged incident.

Under Pennsylvania Rule of Civil Procedure 1006(d)(1) "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." As is well known, "the doctrine of *forum non conveniens* provides that a court may resist imposition upon its jurisdiction, even when jurisdiction is authorized by the letter of a general venue statute." *Zappala v. Brandolini Prnperty Management*, 909 A. 2d 1272, 1283 (Pa 2006). Upon motion of a defendant a court may transfer venue if "plaintiff's chosen forum is oppressive or vexatious to the defendant." *Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 213 (1997). In order to demonstrate that a forum is oppressive must show that the forum is an unreasonable burden on the defendant, such as "for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute." *Cheeseman*, 549 Pa. At 213. A choice of forum is considered vexatious if it is shown that the choice of forum is designed to harasss the defendants.

Based upon the facts it was decided that the forum should be transferred on the following grounds. The main potential witnesses all reside in Dauphin County Pennsylvania and would as such be

forced to travel distances of approximately 200 miles for a round trip. The facts demonstrate that all of the witnesses are responsible for the care of minor children. Due to the distance the witnesses would be forced to travel and the time involved, forcing the witnesses to travel all the way to Philadelphia would necessarily impact their ability to care for their children.

Appellants protested these hardships on several grounds. For Ms. Fleurimond they claimed that since one of the children was a teenager, that Ms. Fluerimond could have left the other three children in the care of the eldest. This was unpersuasive as, needless to state, Appellants' counsel is singularly unsuited to dictate how a witness should care for her children. Appellants' counsel's statements that Ms. Fluerimond's husband should seek leave from his job or alter his schedule as a police officer for the city of Baltimore to watch the children further served to demonstrate the oppressiveness as to the choice of forum, as Appellants seem to believe that an uninvolved, innocent public servant should alter their life to suit Appellants' forum choice. As to the other two witnesses, Appellants failed to address their hardship in traveling to Philadelphia, choosing only to state that their testimony would be unnecessary. They were each, however, community managers at the complex at issue and as such, may have evidence necessary to the Appellees' defenses. Simply because the Appellants have no use for them as witnesses does not mean their participation should be discounted and their hardship not considered.

Appellants' further cite *Bratic v. Rubendall*, 43 A. 3d 497 (Pa. Super. 2012) and *Walls v. Phoenix Ins. Co.*, 979 A. 2d 847 (Pa.Super. 2009) for the proposition that the witnesses are "not a hapless citizen being hauled into court, but is a professional insurance claims adjuster who will surely be fully compensated by his client." *Walls*, 979 A. 2d at 853. Accordingly, Appellants claim that the witnesses should have foreseen circumstances as being compelled to testify in Philadelphia County as part of their job and travel to Philadelphia should not be considered oppressive to them. This is incorrect on several points. First, the complex in question where they worked is in Dauphin County. Statements to the opposite by Appellants aside, there is no evidence that any of the witnesses ever had to travel to Philadelphia for their job simply because the company also owned properties there. Appellees own

3

property in multiple states, surely the witnesses could not be compelled to travel to another state merely becau _their employer owned property there unconnected with their work, yet based on the Appe its' reasoning that would be the logical conclusion. Secondly, in both *Walls* and *Bratic* the employees and witnesses being inconvenienced for the forum choice were insurance adjusters and attorneys. In such a situation it would indeed as the *Walls* court stated that they were not hapless citizens being hauled into court, as all the witnesses could be expected to do just that as an essential function of their job. In the current case, however, the witnesses oppressed were all managers at a complex far from the forum who could not be expected to be hauled into court as a witness on a regular basis or, most likely, ever. Accordingly, *Bractic* and *Walls* were not persuasive as overcoming the oppressiveness of the forum to the witnesses as they were not of the same type of employees as in the cases cited by the Appellants.

Further, as the Court in *Cheeseman* stated, easier access to witnesses is one consideration of whether a forum choice is oppressive. As the witnesses of Appellees are all located in Dauphin County, the removal to that County based on that factor would be proper. The evidence presented showed that for the witnesses travel to Philadelphia County would be oppressive and Appellants' response that it was not oppressive, did not matter, or proffering advice on how a witness and her husband could oversee their children for the edification of Appellants' forum choice was unconvincing. Given the weight of the evidence versus the uninformed suppositions of the Appellants, the Court found the oppression and location of the witnesses to be in favor of transfer.

Likewise, sources of proof and the location of the incident are located in Dauphin County. The apartment complex, all witnesses, and all records of the incident are located in Dauphin County. The witnesses and records as to Appellants' medical treatment for the alleged injuries are all located in Dauphin County at or near the location of the fracas. Accordingly, easy access to these sources of proof also weighed in favor of a transfer to Dauphin County. In the same manner the location is in Dauphin County, which the *Cheeseman* Court also found to be a factor.

Taken together, the current facts demonstrate that all three points stated by the *Cheeseman*

4

Court in its example of the type of situation in which a transfer would be proper were met. Access to witnesses would be easier were the trial to be held in Dauphin County as that is where the most immediate and critical witnesses are located, and, as discussed would prevent oppression of those witnesses by potentially forcing them to travel long distances and arrange alternate care and transportation for their minor children. Likewise, sources of proof as to the Appellants' medical treatment and injuries, as well as responding police officers, are all located in Dauphin County. Finally, the location of the commotion itself is in Dauphin County. Accordingly, all three factors mentioned in *Cheeseman* were met and transfer was proper.

For these reasons, the order of December 6th, 2012 should be affirmed.

BY THE COURT

1/21/14

Divito, J.

5